## Blair Estate

*Knox, Pearson & McLaughlin,* for petitioner.

*Blackmore & Grieshober,* and *MacDonald, Illig, Jones & Britton,* for respondents.

DWYER, P. J., February 14, 1967.—The question presented is whether decedent's surviving spouse has any interest in a fund held by decedent's employer, The Prudential Insurance Company of America, under the terms of a pension plan entered into by decedent, which plan became effective January 1, 1947. Decedent enrolled in said plan on December 5, 1946, and designated his then wife, Thelma Blair, as the beneficiary of any amount in said fund at the time of his death.

Thelma Blair and decedent were divorced on May 13, 1949. Decedent, on May 21, 1949, married Mina Blair, petitioner, and this relationship existed until decedent's death on January 24, 1966. Decedent never

changed his designated beneficiary and, consequently, at his death, the beneficiary form held by The Prudential Insurance Company of America concerning this fund named his former wife, Thelma Blair—now Mehl —as the person to receive this fund.

Letters of administration were granted to petitioner. The petition for letters indicates that decedent was survived only by his wife, petitioner, and two sisters and that he did not own any assets at the time of his death. This petition was filed by the widow individually and as administratrix of her late husband's estate, requesting:

(1) The issuance of a citation directed against Thelma Mehl and The Prudential Insurance Company of America directing that The Prudential show cause why the fund accumulated by decedent, Merl O. Blair, in The Prudential Retirement Fund should not be paid over to the administratrix of the estate of Merl O. Blair, deceased, in whole or in part; and

(2) The issuance of a citation directed against Thelma Mehl and The Prudential Insurance Company of America directing that The Prudential show cause why The Prudential designation of beneficiary form executed by decedent, Merl O. Blair, should not be surrendered to the administratrix of the estate of Merl O. Blair for purposes of probate as the last will and testament of said Merl O. Blair, deceased.

As an employe of The Prudential Insurance Company of America, decedent, in December 1946, enrolled in a pension plan of his employer. This plan became effective January 1, 1947.

The pension plan in which decedent enrolled provided that a certain amount would be deducted from his pay as it was earned by him and retained by the company in a pension fund. Under the terms of this pension plan, decedent had the power to designate a beneficiary to receive any sums that might be in said

fund at the time of his death, and he also had the power to revoke the designation of said beneficiary and to name another at any time up until his death.

Under the terms of this plan, decedent could not withdraw any contributions already made by him so long as he remained an employe of the company, but was specifically allowed to withdraw all such sums contributed, along with the interest thereon, only if he terminated his employment with the company.

Under the terms of the plan, if decedent continued his employment with the company and retired at the designated age set forth in the plan, decedent would then have been entitled to receive a periodical pension from said fund. Under these circumstances, the fund would contain not only the amounts paid into it by the employe, plus the interest thereon, but also additional amounts which would be placed into the fund by the employer. Prior to attaining this designated retirement age, the employer did not contribute any sums whatsoever to the fund, and the employe had no rights whatsoever to claim any contributions from the employer up to said time.

In the instant case, decedent died prior to reaching the retirement age as set forth in the retirement plan, and, consequently, the only funds involved in this litigation are the payroll deductions contributed by decedent from January 1, 1947, up until the time of his death, plus the interest on said funds, all of which is being held by The Prudential Insurance Company of America at the present time.

The plan further provided that at any time while an employe remained with the company, he had a right to discontinue any future contributions to the plan and, if he did, as long as he remained with the company he had no right to withdraw the amounts already contributed, but would, upon his retirement, receive a pension based on the amount that he had contrib-

uted to the fund. If he terminated his employment, he would have had a right to receive back what he had contributed to the fund, along with the interest thereon.

The orphans' court has jurisdiction of this fund, since there is no dispute as to the fact that this fund belonged to decedent: Act of August 10, 1951, P. L. 1163, sec. 301, as amended; 20 PS §2080.301(13).

The first claim presented by decedent's surviving spouse is that, due to the fact that at the time he enrolled in the pension plan and designated his beneficiary, decedent in effect was making a will and, consequently, petitioner claims that this designation of beneficiary form should be considered as a testamentary bequest and that this paper should be treated as such and filed for probate at this time.

This court is of the opinion that decedent, in naming a beneficiary in a pension fund such as this, did not have the proper testamentary intent required by the Wills Act to allow us to treat this form as a will.

The mere fact that death is involved in a particular transaction does not in itself mean that any writing connected therewith must be considered a will. The creation of a joint bank account between two parties is not considered to be a will, yet the survivor obtains certain property rights at the death of the other which he did not have prior thereto. Therefore, the court will refuse petitioner's request to have this beneficiary form probated as decedent's will.

The surviving spouse further claims an interest in the funds retained by The Prudential Insurance Company of America on the basis of section 11 of the Estates Act of 1947, as amended. The court is of the opinion that she does have such an interest under this section.

"(a) In General. A conveyance of assets by a person who retains a power of appointment by will, or a

power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor. The provisions of this subsection shall not apply to any contract of life insurance purchased by a decedent, whether payable in trust or otherwise.

"(b) Determination of Share. The spouse may elect to take against any such conveyance and shall be entitled to one-third thereof if the conveyor is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances one-half thereof": Act of April 24, 1947, P. L. 100, sec. 11, as amended; 20 PS §301.11.

This section provides that the conveyance of assets by a person who retains a power of consumption over the principal shall, at the election of the surviving spouse, be treated as a testamentary disposition, as far as the surviving spouse is concerned, to the extent to which the power has been reserved.

It is obvious that each payment made into this fund by decedent was a conveyance of his assets. It is also obvious that he had a power to consume the principal at any time up to the moment of his death, even though it would require that he terminate his employment to do so. The statute clearly states that this section comes into play whenever decedent had the power to consume the assets in the fund. In this case, it is definite that decedent had such power. It, therefore, appears that these contributions made by decedent into this pension fund come under the terminology of this section of the Estates Act.

Section 21 of said act states that this act shall apply only to conveyances effective on or after January 1, 1948; consequently, the surviving spouse, petitioner in this matter, is only entitled to elect against the funds contributed by decedent on and after said date, together with any interest accumulated on said funds.

The question has arisen as to whether petitioner is entitled to the funds contributed by decedent from January 1, 1948, since she was not married to him at that time, and, in fact, did not marry him until May 21, 1949. Under the wording of section 11, it is apparent that the legislature intended that a surviving spouse is entitled to elect against any conveyances made by her deceased husband on and after January 1, 1948, even though said husband was not married to her at that time. The statute includes conveyances of assets "by a person" and does not limit itself to the conveyances made by a married person. Consequently, this court holds that all conveyances or contributions made into this fund by decedent on and after January 1, 1948, together with the interest applicable to said contributions, are subject to the right of election by petitioner in this matter: See O'Connell's Estate, 16 Fiduc. Rep. 491.

We shall, therefore, order The Prudential Insurance Company of America to pay to petitioner, Mina Blair, one-half of all the contributions made by decedent to this fund on January 1, 1948, and thereafter, and all interest credited to such contributions, and the balance is to be distributed to Thelma J. Mehl as the designated beneficiary named by decedent.

## ORDER

And now, to wit, February 14, 1967, it is ordered, adjudged and decreed that:

1. Petitioner's request that The Prudential Insurance Company of America turn over to her the desig-

nation of beneficiary form signed by decedent is refused. This said designation of beneficiary form must not be filed for probate as decedent's last will and testament.

2. The Prudential Insurance Company of America is ordered to pay to petitioner, Mina Blair, one half of all sums paid into its pension fund account by decedent, Merl Blair, since December 31, 1947, together with all interest accrued on said funds.

3. The Prudential Insurance Company of America is instructed to turn over to Thelma Mehl the balance of the funds in said pension fund account.